FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 05, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

KIMBERLY O.,

      Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

No. 1:18-CV-3046-JTR

ORDER GRANTING, IN PART,
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL
PROCEEDINGS

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Cory J. Brandt represents Kimberly O. (Plaintiff); Special Assistant United States Attorney Justin Lane Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on March 6, 2014, alleging disability since October 1, 2013, due to severe vertigo, anxiety,

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

panic attacks, type 2 diabetes, depression, and high cholesterol. Tr. 140, 231. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on May 18, 2016, Tr. 30-53, and issued an unfavorable decision on March 29, 2017, Tr. 15-25. The Appeals Council denied Plaintiff's request for review on February 21, 2018. Tr. 1-6. The ALJ's March 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 30, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born on June 25, 1964, and was 49 years old on the alleged onset date, October 1, 2013. Tr. 140. Plaintiff completed high school and one year of college and has specialized training in the insurance industry. Tr. 47-48.

Plaintiff testified at the administrative hearing held on May 18, 2016, that she last worked as an insurance producer in May 2014. Tr. 35. She stated her employment ended as a result of a dispute with her former employer over unpaid commission money. Tr. 39. Plaintiff's April 2014 disability report indicates she was working at that time, but her condition caused her to make a change in her work activity on October 1, 2013. Tr. 231-232. Plaintiff testified she did not feel she would be able to go back to work as an insurance producer or an insurance agent because when she experienced a spell of vertigo, it prevented her from doing anything other than lying flat on her back for three or four days. Tr. 38, 41. She indicated she has vertigo spells at a rate of about once a month. Tr. 42.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed

only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs which exist in significant numbers in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a

claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 29, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity from October 1, 2013, the alleged onset date, through December 31, 2016, the date last insured. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: vertigo, degenerative disc disease of the lumbar spine, and obesity. Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light exertion level work with the following limitations: she could lift and carry up to 20 pounds occasionally and up to 10 pounds frequently; she could stand or walk and sit for approximately six hours in an eight-hour workday with normal breaks; she could occasionally climb ramps or stairs of one flight; she could never climb ladders, ropes, or scaffolds; she could occasionally balance, stoop, kneel, crouch, and crawl; she must avoid concentrated exposure to excessive vibration; she must avoid moderate exposure to workplace hazards, such as working with dangerous machinery or on uneven terrain; and she must not work at unprotected heights. Tr. 19.

At step four, the ALJ found Plaintiff was able to perform her past relevant work as an insurance sales agent and an insurance clerk. Tr. 23.

At step five, the ALJ alternatively determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work

experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of cleaner, housekeeper; cashier II; and assembler production. Tr. 24-25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 1, 2013, the alleged onset date, through December 31, 2016, the date last insured. Tr. 25.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting the opinion of Plaintiff's treating physician; (2) rejecting Plaintiff's subjective complaints; (3) failing to conduct a proper step four analysis; and (4) failing to meet her burden at step five. ECF No. 14 at 7-8.

## DISCUSSION[1]

### A.    Medical Opinion Evidence

Plaintiff argues the ALJ erred by improperly rejecting the medical opinion of her treating physician, Paul Tompkins, M.D. ECF No. 14 at 9-12. Defendant responds the ALJ reasonably evaluated the opinion evidence of record, properly discounted the nonexertional limitations assessed by Dr. Tompkins, and properly

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

relied on the reports of state agency physicians, Drs. Hander and Hale, which were "largely consistent" with the record evidence.  ECF No. 15 at 5-12.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources:  treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians).  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830.  The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence).

In weighing the medical opinion evidence of record, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The ALJ must also set forth the reasoning behind his or her decisions in a way that allows for meaningful review.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ).  "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

Treating physician Paul Tompkins, M.D., indicated on February 4, 2014, that he had treated Plaintiff since 2009.  Tr. 312.  Dr. Tompkins wrote that none of

the treatments he had attempted for Plaintiff's vertigo had been helpful and Plaintiff's prognosis was poor. Tr. 313. He opined Plaintiff would miss four or more days of work per month due to her impairments. Tr. 313. On October 15, 2014, Dr. Tompkins wrote a letter regarding Plaintiff's disability claim. Tr. 483. Dr. Tompkins indicated he had been Plaintiff's primary care physician for greater than five years and had witnessed a steady decline in Plaintiff's ability to work due to her persistent vertigo. Tr. 483. He noted that, at most, Plaintiff could work two to three hours, two to three times a week. Tr. 483. On December 31, 2014, Dr. Tompkins completed another medical report regarding Plaintiff's functioning. Tr. 484-486. Dr. Tompkins again indicated Plaintiff's intermittent, severe vertigo would cause her to miss four or more days of work per month. Tr. 485.

The ALJ rejected the foregoing opinions of treating physician Tompkins, finding his opinions were based heavily on Plaintiff's self-reported symptoms and limitations, which were not fully supported by the medical record. Tr. 22. The ALJ's rationale in this regard is unsupported in this case.

While a physician's opinion may be disregarded when it is premised on the properly rejected subjective complaints of a claimant, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), when an opinion is not more heavily based on a claimant's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The ALJ offered no basis for her conclusion that the opinions of Dr. Tompkins, Plaintiff's long-time treating physician, were based more heavily on Plaintiff's self-reports. *See Brown-Hunter*, 806 F.3d at 492 (finding the agency must set forth reasoning behind its decisions in a way that allows for meaningful review). If an ALJ fails to adequately specify her rationale, a reviewing court is unable to review those reasons meaningfully without improperly "substitut[ing] our conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions." *Brown-Hunter*, 806 F.3d at 492 quoting *Treichler*, 775 F.3d at 1103.

Because the ALJ failed to identify specific evidence explaining how she reached the conclusion that Dr. Tompkins relied largely on Plaintiff's self-reports, the Court finds the ALJ's rationale for discounting Dr. Tompkins' opinions is not properly supported.

Nonexamining state agency physicians Robert Hander, M.D., and Gordon Hale, M.D., reviewed the record with respect to Plaintiff's physical functioning capacity. On June 17, 2014, Dr. Hander opined Plaintiff could perform light exertion level work[2] with some postural and environmental limitations. Tr. 62-65. Dr. Hale advanced a nearly identical assessment on November 17, 2014. Tr. 75-78. The ALJ accorded "some evidentiary weight" to the opinions of these nonexamining doctors, but found Plaintiff was not as physically limited as opined by these doctors based on Plaintiff's relatively conservative and infrequent treatment, performance at physical examinations, and documented daily activities. Tr. 22. The ALJ wrote that the objective clinical findings and Plaintiff's performance at physical examinations did not warrant more restrictive physical limitations than the ALJ's RFC determination. Tr. 22. However, the ALJ did not provide citations to supporting physical examination records, nor did she identify specific objective clinical findings to support the ALJ's ultimate RFC determination or her reliance on the opinions of the state agency reviewing physicians. *See Brown-Hunter*, 806 F.3d at 492 (finding the agency must set forth reasoning behind its decisions in a way that allows for meaningful review).

///

///

---

[2]Light level work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds and requires a good deal of walking or standing, or involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. §§ 404.1567(b), 416.967(b).

1    In any event, as noted above, the opinions of nonexamining physicians

2    cannot alone constitute substantial evidence that justifies the rejection of the

3    opinion of a treating physician.  *Lester*, 81 F.3d at 830.  Here, the ALJ provided no

4    medical source opinion evidence, other than the reports of the nonexamining state

5    agency physicians, to support her conclusion that Dr. Tompkins' opinions were

6    inaccurate.  Accordingly, the Court finds the ALJ erred by failing to provide

7    adequate reasons for rejecting treating physician Tompkins' opinions.

8        Plaintiff's RFC is an administrative finding, dispositive of the case, which is

9    reserved to the Commissioner, and, by delegation of authority, to the ALJ.  SSR

10   96-5p.  It is thus the responsibility of the ALJ, not this Court, to make a RFC

11   determination.  Because the ALJ failed to properly address the opinion of

12   Plaintiff's treating physician, Plaintiff's RFC determination is not supported by

13   substantial record evidence and must be redetermined, on remand, taking into

14   consideration the opinions of the medical professionals noted above, as well as any

15   additional or supplemental evidence relevant to Plaintiff's claim for disability

16   benefits.

17   **B.    Plaintiff's Subjective Complaints**

18       Plaintiff also contends the ALJ erred by improperly rejecting her subjective

19   complaints.  ECF No. 14 at 12-16.

20       It is the province of the ALJ to make credibility determinations.  *Andrews*,

21   53 F.3d at 1039.  However, the ALJ's findings must be supported by specific

22   cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once

23   the claimant produces medical evidence of an underlying medical impairment, the

24   ALJ may not discredit testimony as to the severity of an impairment because it is

25   unsupported by medical evidence.  *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998).

26   Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the

27   claimant's testimony must be "specific, clear and convincing."  *Smolen*, 80 F.3d at

28   1281; *Lester*, 81 F.3d at 834.  "General findings are insufficient:  rather the ALJ

must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to produce some of her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 20. The ALJ listed the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) the objective medical evidence did not support the level of impairment claimed; (2) Plaintiff underwent only routine and conservative treatment for her alleged disabling impairments; (3) Plaintiff's activities of daily living and social interaction were inconsistent with her allegations of disabling functional limitations; (4) Plaintiff performed work activities during the relevant time period; and (5) Plaintiff stopped working for reasons unrelated to her medical condition. Tr. 21-22.

While some of the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings in light of the ALJ's erroneous determination regarding the medical opinion evidence of record. *See supra.* Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

**C.     Steps Four and Five**

Plaintiff next contends the ALJ erred at steps four and five of the sequential evaluation process by relying on the vocational expert's testimony in response to incomplete hypotheticals; hypotheticals that did not reflect all of Plaintiff's limitations. ECF No. 14 at 16-19.

///

As determined above, the ALJ erred by providing inadequate rationale for rejecting the opinions of treating physician Tompkins. *See supra*. Consequently, the ALJ's RFC determination is not supported and must be reevaluated.

On remand, the ALJ shall reassess Plaintiff's RFC and, if necessary, obtain supplemental testimony from a vocational expert with respect to the new RFC determination. The ALJ shall then make renewed determinations at steps four and five of the sequential evaluation process. At step four, the ALJ shall compare the demands of Plaintiff's past work with the functional limitations assessed by the ALJ and make specific findings in that regard within the decision.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reassess the opinions of Drs. Tompkins, Hander and Hale, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall further develop the record by directing Plaintiff to undergo a new consultative examination with respect to her physical capacity. The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC determination, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

///

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED March 5, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE